UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:18-CV-767-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| DENTAL ASSISTING ACADEMY OF | ) | **ORDER DENYING DEFENDANT'S** |
| LOUISVILLE, LLC d/b/a MEDQUEST | ) | **AMENDED PARTIAL MOTION TO** |
| COLLEGE, | ) | **DISMISS** |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Dental Assisting Academy of Louisville, LLC, d/b/a Medquest College's ("Medquest") Amended Partial Motion to Dismiss. [R. 10] Defendant seeks dismissal of Counts II and III of Plaintiff Christina Cross's ("Cross") First Amended Complaint. [R. 9] Plaintiff responded to Defendant's motion [R. 12], and Defendant filed its brief in reply. [R. 13] This matter, being fully briefed, is now ripe for review. For the reasons stated herein, the Court will **DENY** Defendant's Motion.

## I.  Background

The issue in this case involves who qualifies as an "eligible employee" under the Family and Medical Leave Act of 1993 ("FMLA" or the "Act"), 29 U.S.C. § 2601, *et seq*. To qualify for benefits as an "eligible employee" the employee must have been employed twelve months and worked 1,250 hours during the preceding twelve months. But what happens when an employee provides notice of intended leave (as the Act requires) which will commence after the employee has been working for twelve months, but the employee is fired just before meeting the twelve-month requirement? Are those employees protected under the Act? For the reasons stated herein, the Court finds that they are.

1

Because this matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6), the "complaint is viewed in the light most favorable to [the plaintiff]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor." *Gavitt v. Born,* 835 F.3d 623, 640 (6th Cir. 2016); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008). Plaintiff began working for Defendant MedQuest College, a private educational institution, as its Director of Education "on or around June 13, 2017."[1] [R. 9 p. 2] Plaintiff suffers from diabetes and hypertension, which led to adverse health events throughout her employment at Medquest. [R. 9 pp. 2–3] Plaintiff informed her direct supervisor, Robin Boughey, the Executive Director for Defendant, of her conditions and their accompanying complications. [*Id.*] Around October 2017, Plaintiff began experiencing several adverse health events, such as severe fluctuations in blood pressure and glucose, and extreme fatigue, all caused by her medical conditions. [*Id.*] These made performing everyday tasks difficult for Plaintiff, as her ability to even stand, walk, or remain conscious became limited. [*Id.*] Several times, her symptoms caused her to lose balance and fall, including once on April 1, 2018, when she lost consciousness and hit her head. [*Id.*] In May, 2018, Plaintiff underwent multiple rounds of diagnostic testing for her condition which revealed she was at immediate risk for heart attack and stroke. [*Id.* p. 4] Her physician prescribed additional testing and treatment and ultimately recommended that she request intermittent leave under the FMLA in advance of the treatments, and provided a completed medical certification for Plaintiff to request her leave. [*Id.*]

---

[1] There is disagreement over Cross's exact start date. Cross claims she started work on June 13, 2017 while Medquest says that she did not start until June 27, 2017. [R. 9 p. 2; R. 10-1 p. 7; R. 12 p. 19] . Whether she started work on June 13, 2017 or June 27, 2017, for the reasons stated herein, the Court holds that she qualifies as an "eligible employee."

On June 1, 2018, Plaintiff submitted a request for FMLA leave to her supervisor Robin Boughey. [*Id.* p. 5] According to Plaintiff, her leave would have commenced on July 6, 2018, when her first appointment for treatment was scheduled. [R. 9 pp. 4–5] Per Plaintiff, Boughey took no steps to evaluate her eligibility for FMLA leave, was not familiar with FMLA leave, and upon explanation told Plaintiff that "[w]e do not do that here. You can't have that." [R. 9 p. 5] After the failed request, Plaintiff says that Boughey began scrutinizing her work at a level far greater than she did to other employees in similar positions. [*Id.*] Around June 11, Plaintiff contacted her colleague, Larisa Crawley, seeking contact information for Bruce Kepley, Boughey's direct supervisor. [*Id.*] Plaintiff wanted to file a complaint against Boughey, and Defendant's workplace dispute policy required her to contact Boughey's direct supervisor. [*Id.*] Plaintiff explained to Crawley the reason for her request. [*Id.* pp. 5–6] The next day, June 12, Boughey called Plaintiff and told her that she was fired immediately because of her conversation with Crawley the day before. [*Id.* p. 6]

Plaintiff filed an Amended Complaint [R. 9] asserting claims of unlawful discrimination under the Kentucky Civil Rights Act and unlawful interference and retaliation under the FMLA. [R. 9] Defendant filed an Amended Motion to Dismiss for failure to state a claim, seeking dismissal of the two FMLA claims. [R. 10]

## II. Motion to Dismiss under 12(b)(6)

### A. Standard of Review

Rule 12(b)(6) provides for dismissal of an action if the Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The moving party has the burden of proving that no claim exists. *Total Benefits*, 552 F.3d at 434. While the Complaint must be liberally construed in favor of the non-moving party, "it is still necessary that the Complaint

contain more than bare assertions or legal conclusions." *Id.* (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)) (other citations omitted). Moreover, the Court need not accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is factually plausible if the Complaint contains factual allegations that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This does not require a showing that the defendant is probably liable, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet this plausibility standard, the Complaint must contain more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

### B. Discussion

The FMLA allows "eligible" employees up to twelve weeks of unpaid leave during any twelve-month period if the employee meets certain requirements under the Act and has experienced a triggering event such as the birth of a child, or a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). If an eligible employee seeks leave under the FMLA, the employer cannot interfere with an employee's rights under the Act or subject the employee to adverse actions such as termination just because they sought FMLA-protected leave. 29 U.S.C. § 2615(a). The Sixth Circuit recognizes two distinct theories of recovery under the FMLA, an "interference" theory and a "retaliation" theory. *See*, *e.g.*, *Casagrande v. OhioHealth Corp.*, 666 F. App'x. 491, 495–95 (6th Cir. 2016). Plaintiff asserts both claims in her First Amended Complaint. [R. 9 pp. 9–12] Under either theory, a plaintiff must show that he or she is an

4

"eligible employee" under the Act. *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004). Defendant argues that Plaintiff is not an "eligible employee" under the FMLA because she had not been employed for twelve months on the date that she was terminated. [R 10-1 p. 7] Plaintiff argues that she is an "eligible employee" because on the date that her leave was set to commence, July 6, 2018, she would have met the Act's twelve-month employment requirement. [R. 12 p. 19]

### a) Defining Eligible Employees

The FMLA defines an "eligible employee" as one who has been employed "for at least 12 months," and "for at least 1,250 hours of service . . . during the previous 12-month period" by the employer with respect to whom the leave is requested. 29 U.S.C. § 2611(2)(A). Defendant Medquest argues Plaintiff is not an "eligible employee" under the Act because she was fired on June 12, 2018, just shy of meeting the twelve-month requirement. [R. 10-1 p. 5] However, it is clear that on July 6, 2018, when Cross's leave was to begin, she would have met the twelve-month term of employment requirement.[2]

### i. Clear language of the Implementing Regulations

The statutory language of the FMLA provides no guidance on how the twelve-month requirement is to be measured. *See* 29 U.S.C. § 2611(2). However, the Act gives the Department of Labor the authority to promulgate regulations necessary to carry out the Act. 29 U.S.C. § 2654. Those regulations state very clearly that "[t]he determination of whether an

---

[2] Medquest briefly asserts that the certification provided by Cross's health care provider does not indicate any appointment on July 6, 2018. [R. 10-1 p. 14] However, the Act simply requires an "estimate of the dates and duration of such treatments and any periods of recovery." 29 C.F.R. § 825.306(a)(6). Moreover, if the employer finds the certification incomplete, it must provide the employee with a chance to cure the deficiency. 29 C.F.R. § 825.305(d); *Hoffman v. Professional Med. Team* 394 F.3d 414, 418 (6th Cir. 2005). According to Cross, Boughey summarily denied her request stating that Medquest did not provide FMLA leave at all. [R. 9 p. 5] In any event, when evaluating a 12(b)(6) motion, the Court must take the Plaintiff's factual allegations as true, and the Plaintiff has alleged that her leave would have commenced on July 6, 2018. [R. 9 pp. 4-5]

employee has worked for the employer for at least 1,250 hours in the past 12 months and has been employed by the employer for a total of at least 12 months must be made as of the date the FMLA leave is to start." 29 C.F.R. § 825.110(d). Per the clear language of the regulation, July 6, 2018, the date Cross's leave was to begin, is the operative date for measuring her eligibility. Using that date, Cross would have worked for over twelve months and met the hours of service requirements, making her an "eligible employee."

Defendant argues that the express language of the statute *does* provide guidance here, and that Plaintiff's position is contrary to that language, pointing to the provision of the FMLA defining an "eligible employee" in the past tense as "an employee who **has been** employed" for at least twelve months and at least 1,250 hours. 29 U.S.C. § 2611(2)(A) (emphasis added); [R. 10-1 p. 11] But Defendant's argument ignores the more specific language of the implementing regulation above, which employs the future tense in unambiguously stating that the determination "must be made as of the date the FMLA leave **is to start.**" 29 C.F.R. § 825.110(d) (emphasis added). And Defendant certainly does not argue that the FMLA's implementing regulations are invalid; far from it, Defendant cites these same regulations on other points. *See*, *e.g.*, [R. 10-3 p. 3 (citing 29 C.F.R. §825.110(b)(3)]

### ii. Sixth Circuit Case Law

Given the clear language of the implementing regulation, it is not surprising that the Sixth Circuit has repeatedly held that "[t]he determination of FMLA eligibility 'must be made as of the date leave commences.'" *Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345, 350 (6th Cir. 2008) (quoting 29 C.F.R. § 825.110(d)); *Ricco v. Potter*, 377 F.3d 599, 604 n.4 (6th Cir. 2008) ("The determination of whether an employee meets the FMLA's eligibility requirements is made in

reference to the date the employee commences his or her leave, not the day the employer takes an adverse action against the employee.").

Although Defendant urges this Court to use the termination date for measuring Plaintiff's eligibility in this case, the Sixth Circuit has explicitly rejected using the date of an adverse employment action. *See Butler v. Owens-Brockway Plastic Prods*. 199 F.3d 314, 316 (6th Cir. 1999). In *Butler*, the plaintiff was fired because she had more absences than allowed by her employer. *Id.* at 316. However, she claimed that her employer improperly counted three of her absences as unexcused when she was eligible for FMLA leave. *Id.* At the time she was terminated, she was not an "eligible employee" under the Act because she had not met the 1,250 hours requirement for the previous twelve months. *Id.* The parties agreed, however, that she was an "eligible employee" on the date she took her leave, having met the 1,250 hours requirement if measured on that date. *Id.* Quoting the implementing regulations, the Sixth Circuit reversed the district court and held that the relevant date for measuring the hours requirement under the Act was the date leave commences. *Id.* The *Butler* Court reasoned, "[i]f this court were to adopt defendant's argument that an employee must always be 'eligible' at the time of the adverse action, the Act would establish a perverse set of incentives . . . . We do not believe that this is what Congress intended." *Id.* Those incentives are obvious: if employees could be fired for taking FMLA-protected leave upon their return to work, they would not take the leave in the first place.

Although the Sixth Circuit cases cited analyze the 1,250 hours requirement under the Act, the plain language of § 825.110(d) and the reasoning of these cases analyzing the service hours requirement applies equally here. The implementing regulations make no distinction between

7

when the 1,250 hours requirement and the twelve-month employment requirement are measured—both are measured "as of the date leave commences." 29 C.F.R. § 825.110(d).

Defendant's arguments for why the regulation should be valid for one prong of the eligibility requirements (the 1,250 hours requirement) but not the twelve-month requirement are unavailing. Defendant tries to distinguish the *Butler* Court's endorsement of the regulation, claiming that Cross was "<u>never</u> eligible for FMLA protections." [R. 10-1 pp. 10–11 (emphasis in original)] But, Defendant's logic is circular. Cross would only be ineligible using the very measuring-date Defendant asks the court to adopt—the termination date. Further, this distinction runs contrary to Defendant's citation to *Davis v. Michigan Bell Telephone Co.*, 543 F.3d 345 (6th Cir. 2011), for its holding that "while plaintiff had, at one point, been eligible for leave, that her employer was entitled to re-evaluate her eligibility after twelve months and that eligibility could be, and indeed, was lost in Davis's case, where she no longer met the statutory criteria" as to the number of hours of service. [R. 10-1 p. 10] If the *Davis* plaintiff's former eligibility was not enough to prevent her from subsequently becoming ineligible, the Court fails to see why the *Butler* plaintiff's former eligibility is a relevant point of distinction.

Defendant also points to *Humenny v. Genex Corp.*, 390 F.3d 901 (6th Cir. 2004) and claims that Sixth Circuit precedent forecloses applying the plain language of the Department of Labor regulation. [R. 10-1 p. 12; R. 13 pp. 4–5] In *Humenny*, the Sixth Circuit held that the FMLA did not provide a claim for retaliation if they were not "eligible employees" under the Act. *Humenny*, 390 F.3d at 905. The court concluded that the plaintiff had no rights under the FMLA since she was not an eligible employee. *Id.* Defendant reads this to endorse a termination-date measurement for eligibility, since the Act does not give rights to non-eligible employees. [R. p. 12] Again, this puts the cart before the horse—how to measure eligibility is

8

precisely the issue before the Court.  In *Humenny*, the plaintiff **conceded** that she was not eligible because the employer did not qualify as an "employer" under the Act, but nonetheless wanted to assert a claim of retaliation. *Id.* at 904–05.  *Humenny* did not involve a dispute over the relevant measuring dates for eligibility—it merely held that eligibility was a requirement in the context of employer coverage. *Id*.  There was **no date** for which the plaintiff could have ever requested FMLA-protected leave because her employer simply was not covered by the Act.  *Id.* at 904–05.  As such, the plaintiff in that case could never be an "eligible employee," no matter if she satisfied § 2611(a)'s two requirements.

The *Humenny* court further distinguished its circumstances from those where the plaintiffs would be "qualified as 'eligible employees' at the time they took FMLA leave," such as Cross's. *Id*.  Unlike *Humenny*, Cross would be eligible for FMLA leave using the leave-commencement date, which the Sixth Circuit cases discussed herein hold is the operative date. *See Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345, 350 (6th Cir. 2008) (quoting 29 C.F.R. § 825.110(d)); *Ricco v. Potter*, 377 F.3d 599, 604 n.4 (6th Cir. 2008); *Butler v. Owens-Brockway Plastic Prods*. 199 F.3d 314, 316 (6th Cir. 1999).

### iii.    Other Case Law

Defendant also points to two unpublished opinions from district courts within the Sixth Circuit.  The Court notes as an initial matter that these unpublished opinions are not binding on this Court, and merely serve as guidance to the extent that their reasoning is persuasive.  For several reasons, the Court does not find these cases persuasive, and declines to follow their approach in the face of the clear language of § 825.110(d).

The first case is an unpublished opinion from the Eastern District of Tennessee which interpreted Sixth Circuit caselaw to reject measuring eligibility using §825.110(d)'s leave-

9

commencement date. *Dunn v. Chattanooga Pub. Co.*, No. 1:12–252, 2013 WL 145865 (E.D. Tenn. Jan 14, 2013). The *Dunn* opinion primarily relies on the same characterization of *Humenny* as Defendant, which the Court finds inaccurate. It also cites various cases that amount to the uncontroversial notion that employees must be "eligible" to receive FMLA protections. *See id.* at *3 (citing *Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625 (6th Cir. 2008); *Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345 (6th Cir. 2008); *Stimpson v. United Parcel Serv.*, 351 F. App'x 42 (6th Cir. 2009)). None of these cases reject the plain language of § 825.110(d). The *Staunch* opinion held an employee was not eligible because she had not worked the requisite hours by the day her leave began, which was the same day as her request. *Staunch*, 511 F.3d at 629. *Stimpson* does not address the issue at all. Further, the *Dunn* court briefly examined the language of § 825.110(d), but apparently felt that it only applied to the situation where "an employee becomes eligible in the middle of taking leave," and stated that its language "merely tells the Court what it already knew: an employee will be eligible to take FMLA leave when he meets the eligibility requirements." *Dunn*, 2013 WL 145865 at *5. But subsection (d) does not anywhere state that it only applies to that one situation. Its language regarding the date to make the determination of whether an employee meets the hours of service and twelve-month requirements does not contain *any* limiting language. Given that it would read all meaning out of this subsection of the regulation to define it as a tautology, the Court disagrees with such a characterization of the plain language. Finally, the Sixth Circuit in *Davis* explicitly endorsed measuring eligibility using the leave-commencement date. *See Davis* 543 F.3d at 350.

The second case is an unpublished opinion from the Eastern District of Michigan which merely cites *Dunn* and relies on its analysis. *Moore v. Lenderlive Network, Inc.*, No. 14-11324,

WL 2015 470599 (E.D. Mich. Feb. 4, 2015). The Court accordingly finds *Moore* unpersuasive for the same reasons it finds *Dunn* unpersuasive.

####        iv.        Statutory Structure

The structure of the FMLA provides further support for following the plain language of § 825.110(d). The FMLA's notice requirement strengthens the case for using the leave-commencement date for determining eligibility. The FMLA requires employees to provide notice for all foreseeable leave: at least thirty days' notice for leave based on pregnancy or adoption, or thirty days in cases of serious health conditions—except if treatment for the condition requires the leave to begin in less than thirty days, in which case the employee must provide such notice as is practicable. 29 U.S.C. § 2612(e). The purpose of this requirement is to give employers notice so that they can adjust accordingly. If eligibility was determined based on the date of the adverse employment action, the Act would simultaneously create protected leave once an employee reached his or her twelve-month anniversary and require the employee to give notice to his or her employer at least thirty days before the anniversary, essentially at the eleven-month mark of employment. Yet, the Act would provide no protection for employees if they were fired after giving the required notice but before they were able to take the allowed leave.

Relying in part on the notice requirement, the Eleventh Circuit, the only circuit court to address this question, held that the FMLA protects requests for leave made before the twelve-month requirement is met where the leave itself is to commence after the twelve-month requirement is satisfied. *See Pereda v. Brookside Sr. Living Cmtys., Inc.*, 666 F.3d 1269, 1274–75 (11th Cir. 2012). The *Pereda* Court adopted the same rationale as the Sixth Circuit in its line of cases adopting 29 C.F.R. §825.110(d). Namely, that the FMLA should not be interpreted to

disincentivize employees from taking the protected leave that the Act creates. *See Pereda*, 666 F.3d at 1274. After all, "[i]t would be illogical to interpret the notice requirement in a way that requires employees to disclose requests for leave which would, in turn, expose them to retaliation or interference, for which they have no remedy." *Reynolds v. Inter-Indus. Conf. On Auto Collision Repair*, 594 F. Supp. 2d 925, 928 (N.D. Ill. 2009); *see also Walker v. Elmore Cty. Bd. Of Educ.*, 223 F. Supp. 1255, 1260 (M.D. Al. 2002) ("It would be absurd to interpret the FMLA to allow the employer in this situation to retaliate against the employee, although the employee is clearly not covered by the FMLA [on the date of request]."). In other words, adopting the Defendant's interpretation of the eligibility requirement would create "a loophole . . . whereby an employer has total freedom to terminate an employee before she can ever become eligible. Such a situation is contrary to the basic concept of the FMLA." *Pereda*, 666 F.3d at 1273.

Defendant attempts to distinguish *Pereda* on the grounds that its holding is limited to the maternity context. [R. 10-1 p. 11] But that is too constrained a reading of *Pereda*. *Pereda* based its holding on the plain language of § 825.110(d), as well as the notice provision and the general purposes of the statute, not a hyper-specific reading of the language of the statutory provisions specifically relating to maternity leave. Such a distinction would also not make sense – the Defendant does not explain, and the Court fails to see, why it would make sense to apply the leave-commencement test to maternity leave, but the termination-commencement test—which this Circuit has rejected—to all other types of leave authorized under the Act.

### v. Policy

Defendant argues that using the leave-commencement date for determining eligibility will leave employers and courts speculating about the eligibility of their employees. [R. 10-1 p. 13] This, Medquest claims, would make eligibility determinations difficult for employers since

certain types of leave may not be foreseeable. [*Id.*] However, this is part of the balance that the FMLA attempts to reach between the employee's needs and the employer's legitimate interests. *See* 29 U.S.C. § 2601(b). It is also unclear how firing an otherwise sound employee for requesting FMLA-protected leave is a legitimate interest to employers. The employer can still fire an employee for any number of legitimate reasons, such as poor performance or dishonesty. *See Pereda*, 666 F.3d at 1276. What is more, the Court is not persuaded that the leave-commencement date test will in fact leave anyone speculating about the eligibility of employees. It is just as easy to count from the date of commencement of leave as it is to count from the date of termination. Defendant states that "the exact date when a future leave may commence is not always known," citing the example of pregnancy. [R. 10-1 p. 13] But this misconstrues the nature of the leave-commencement test as laid out in the regulations. If a pregnant plaintiff gives notice of intent to take FLMA leave at a future date (say, "the date the baby is born and four weeks thereafter"), is fired before the twelve months, and subsequently gives birth and sues under the FMLA, then all the parties need do is to examine whether any of the leave falls after the date the plaintiff has both been employed by the employer for at least twelve months and at least 1,250 hours. If the period spans that date, with some of the period falling before it and some falling after, the parties need only examine the second sentence of § 825.110(d). That subsection provides that "[a]n employee may be on non-FMLA leave at the time he or she meets the twelve-month eligibility requirement, and in that event, any portion of the leave taken for an FMLA-qualifying reason after the employee meets the eligibility requirement would be FMLA leave." § 825.110(d).

### III. Conclusion

Defendant's argument that eligibility should be measured differently for the twelve-month requirement than the 1,250 hours requirement is unpersuasive. This argument not only rejects the clear language of the DOL regulation, but it also ignores the Sixth Circuit precedent adopting this regulation for the hours requirement. *See, e.g., Butler v. Owens-Brockway Plastic Prods.* 199 F.3d 314, 316 (6th Cir. 1999). 29 C.F.R. § 825.110(d) by its terms plainly applies to both eligibility requirements, the hours of service requirement and twelve-month requirement. In both circumstances, using this measurement allows employees to take their FMLA-protected leave without opening loopholes for employers to punish them for doing so. Given the statutory text and rationales, the Department of Labor Regulations, and the Sixth Circuit precedent, it seems clear that FMLA eligibility is determined by the leave-commencement date. As such, Plaintiff Cross has plead plausible interference and retaliation claims under the FMLA in her Amended Complaint.

Based on the above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The **Amended Motion to Dismiss** filed by Defendant Dental Assisting Academy of Louisville, LLC, d/b/a Medquest College [**R. 10**] is **DENIED**.

This the 30th day of September, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY