## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | | |
|---|---|---|
| CHRISTINA CROSS, | ( | |
| | ( | |
| PLAINTIFF | ( | |
| | ( | |
| v. | ( | 3:18-cv-00767-CHB |
| | ( | Electronically Filed |
| DENTAL ASSISTING ACADEMY OF | ( | |
| LOUISVILLE, LLC | ( | |
| d/b/a MEDQUEST COLLEGE | ( | |
| | ( | |
| DEFENDANT | ( | |
| | ( | |

### SUPPLEMENTAL ANSWER

Defendant, Dental Assisting Academy of Louisville, LLC, d/b/a/ Medquest College (hereinafter "Medquest"), for its Supplemental Answer to Plaintiff Christina Cross's Complaint, states as follows:

1. Defendant admits so much of Paragraph 1 of the Complaint as indicates that Ms. Cross's employment with Medquest terminated on June 12, 2018. Plaintiff is without sufficient information to affirm or deny the remainder of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant denies that it is a Kentucky corporation. It admits the remaining allegations of Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the same.

4. Paragraph 4 of the Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the same.

5. Paragraph 5 of the Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the same.

6. Defendant admits so much of Paragraph 6 of the Complaint as states that Plaintiff was hired by MedQuest as the Director of Education. Defendant is without sufficient information or belief to affirm or deny the remaining allegations in Paragraph 6 of the Complaint and, therefore, denies the same.

7. Admit Paragraph 7 of the Complaint.

8. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 8 of the Complaint and, therefore, denies the same.

9. Admit Paragraph 9 of the Complaint.

10. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 11 of the Complaint and, therefore, denies the same.

12. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 12 of the Complaint and, therefore, denies the same. Defendant specifically denies that Ms. Boughey pressured Ms. Cross to ignore her doctor's advice and return to work.

13. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 13 of the Complaint and, therefore, denies the same.

14. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 14 of the Complaint and, therefore, denies the same. Defendant specifically denies any promise of insurance to Ms. Cross at any time

15. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 15 of the Complaint and, therefore, denies the same.

16. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 16 of the Complaint and, therefore, denies the same.

17. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 17 of the Complaint and, therefore, denies the same.  Defendant denies that Ms. Cross was eligible for FMLA benefits.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 21 of the Complaint and, therefore, denies the same.

22. Defendant admits so much of Paragraph 22 of the Complaint as states that Ms. Cross was fired on June 12, 2018.  Defendant denies all other allegations set forth in Paragraph 22.

23. In response to Paragraph 23 of the Complaint, Defendant incorporates all preceding responses as if fully set forth herein.

24. Paragraph 24 of the Complaint states a legal conclusion for which no response is required.  To the extent a response is deemed to be required, Defendant denies the same.

25. Paragraph 25 of the Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the same.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, Defendant incorporates all preceding responses as if fully set forth herein.

33. Paragraph 33 of the Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the same.

34. Paragraph 34 of the Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the same.

35. Paragraph 35 of the Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant admits only so much of Paragraph 35 as states that it terminated Ms. Cross on June 12, 2018. Defendant denies all other allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.
39. With respect to Paragraph 39 of the Complaint, Defendant incorporates all preceding responses as if fully set forth herein.
40. Defendant denies that Plaintiff is entitled to any of the relief demanded in Paragraph 40 of the Complaint, or its subparts.
41. Defendant denies that Plaintiff is entitled to a jury trial, as Defendant believes it is entitled to judgment as a matter of law as to all Plaintiff's claims.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.
2. Plaintiff is not a qualified individual with a disability as defined by law.
3. Plaintiff cannot establish a *prima facie* case of discrimination or retaliation.
4. Plaintiff cannot establish that Defendant's legitimate, non-discriminatory reasons for taking employment action against her are pretextual.
5. Even if Plaintiff could establish that a prohibited factor motivated the Defendant's alleged employment action, the same action would have been taken absent such motivation and, therefore, Plaintiff's claim must fail.
6. All standards used by Defendant are job-related and consistent with business necessity.
7. Plaintiff did not request accommodation.
8. To the extent Plaintiff requested accommodation, an accommodation could not be made as it posed undue hardship to Defendant.
9. Plaintiff's claims are barred to the extent that she failed to control a controllable disability.
10. Plaintiff is not an "eligible employee" under the Family Medical Leave Act.

11. Some or all of the forms of relief requested by Plaintiff are not provided for by the statutes upon which Plaintiff makes her claims.

12. The allegations are legally insufficient to support a claim for punitive damages.

13. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

14. The Defendant affirmatively asserts that it is engaged in good faith efforts to comply with applicable employment laws.

15. Plaintiff has failed to mitigate her damages.

Wherefore, having answered the Complaint of Plaintiff Christina Cross, Defendant Medquest respectfully requests:

   a. an order dismissing Plaintiff's Complaint;

   b. leave to amend this Answer upon completion of reasonable discovery; and

   c. all other relief to which MedQuest now is or hereinafter appears to be entitled.

Respectfully submitted,

/s/ Karen C. Jaracz
Karen C. Jaracz
John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville KY  40202
502.589.4600
502.584.0422 (fax)
jdwyer@zielkefirm.com
kjaracz@zielkefirm.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy was served upon the following via the Court's ECF filing system on the 12th day of October, 2019:

Kelly M. Parry, Esq.
Jeremiah W. Reece, Esq.
ABNEY LAW OFFICE, PLLC
624 W. Main Street, Fifth Floor
Louisville, KY 40202
Phone: (502) 498-8585
Fax: (502) 324-1476
Email: kparry@abneylegal.com
        jreece@abneylegal.com
*Counsel for Plaintiff*

        */s/* Karen C. Jaracz
        *Counsel for Defendant*