UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| CHRISTINA CROSS, | ( | |
| | ( | |
| PLAINTIFF | ( | |
| | ( | |
| v. | ( | 3:18-cv-00767-CHB |
| | ( | Electronically Filed |
| DENTAL ASSISTING ACADEMY OF | ( | |
| LOUISVILLE, LLC | ( | |
| d/b/a MEDQUEST COLLEGE | ( | |
| | ( | |
| DEFENDANT | ( | |
| | ( | |

**MEDQUEST'S SUPPLEMENTAL ANSWER TO**
**PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Dental Assisting Academy of Louisville, LLC, d/b/a/ Medquest College (hereinafter "Medquest"), for its Supplemental Answer to Plaintiff Christina Cross's Amended Complaint (DN 9), states as follows:

1. Defendant admits so much of Paragraph 1 of the Amended Complaint as indicates that Ms. Cross's employment with Medquest terminated on June 12, 2018. Defendant denies so much of Paragraph 1 of the Amended Complaint as indicates that Ms. Cross's employment commenced on June 13, 2017. Plaintiff is without sufficient information to affirm or deny the remainder of the allegations set forth in Paragraph 1 of the Amended Complaint and, therefore, denies the same.

2. Defendant admits the allegations of Paragraph 2 of the Amended Complaint.

3. Paragraph 3 of the Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the same.

1

4. Defendant admits the allegations of Paragraph 4 of the Amended Complaint.

5. Paragraph 5 of the Amended Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint.

6. Paragraph 6 of the Amended Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint

7. Defendant admits so much of Paragraph 7 of the Amended Complaint as states that Plaintiff was hired by MedQuest as the Director of Education. Defendant denies so much of Paragraph 7 of the Amended Complaint as states that Plaintiff began working in this position on or about June 13, 2017. Defendant is without sufficient information or belief to affirm or deny the remaining allegations in Paragraph 7 of the Complaint and, therefore, denies the same.

8. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 8 of the Amended Complaint and, therefore, denies the same.

9. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 9 of the Amended Complaint and, therefore, denies the same.

10. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 10 of the Amended Complaint and, therefore, denies the same.

11. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 11 of the Amended Complaint and, therefore, denies the same.

12. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 12 of the Amended Complaint and, therefore, denies the same.

13. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 13 of the Amended Complaint and, therefore, denies the same. Defendant specifically denies any promise of insurance to Plaintiff at any time.

14. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 14 of the Amended Complaint and, therefore, denies the same.

15. Defendant denies the allegations set forth in Paragraph 15 of the Amended Complaint.

16. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 16 of the Amended Complaint and, therefore, denies the same.

17. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 17 of the Amended Complaint and, therefore, denies the same. Defendant denies that Ms. Cross provided an adequate medical certification, that she was eligible for FMLA benefits, or that she requested leave to commence on July 6, 2018.

18. Defendant denies the allegations in Paragraph 18 of the Amended Complaint. Defendant denies that Ms. Cross provided an adequate medical certification and that she was eligible for FMLA benefits.

19. Defendant denies the allegations in Paragraph 19 of the Amended Complaint.

20. Defendant admits so much of Paragraph 20 of the Amended Complaint as states that Bruce Kepley holds the position of Chief Executive Officer. Defendant denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 21 of the Amended Complaint and, therefore, denies the same.

22. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 22 of the Amended Complaint and, therefore, denies the same.

23. Defendant admits so much of Paragraph 23 of the Amended Complaint as states that Ms. Cross was fired on June 12, 2018. Defendant denies all other allegations set forth in Paragraph 23 of the Amended Complaint.

24. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 24 of the Amended Complaint. Defendant is not aware of the source or creator of the document attached as Exhibit A to the Amended Complaint and therefore cannot affirm or deny its authenticity or the accuracy of any information contained therein. The document attached as Exhibit A to the Amended Complaint speaks for itself.

25. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 25 of the Amended Complaint. Defendant is not aware of the source or creator of the document attached as Exhibit A to the Amended Complaint and therefore cannot affirm or deny its authenticity or the accuracy of any information contained therein.

26. Defendant is without sufficient information or belief to affirm or deny the allegations in Paragraph 26 of the Amended Complaint. Defendant is not aware of the source or creator of the document attached as Exhibit B to the Amended Complaint and therefore cannot affirm or deny its authenticity or the accuracy of any information contained therein.

27. Defendant denies the allegations set forth in Paragraph 27 of the Amended Complaint. Defendant is not aware of the source of the document attached as Exhibit C to the Amended Complaint and therefore cannot affirm or deny its authenticity or the accuracy of any information contained therein.

28. Defendant denies the allegations set forth in Paragraph 28 of the Amended Complaint.

29. Defendant incorporates by reference each and every response to prior allegations as though set forth in full in response to Paragraph 29 of the Amended Complaint.

30. Paragraph 30 of the Amended Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Paragraph 31 of the Amended Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant admits only so much of Paragraph 31 of the Amended Complaint as states that it had 15 or more employees for each working day in at least 20 weeks of the current and preceding calendar year. All other allegations of Paragraph 31 of the Amended Complaint are denied.

32. Paragraph 32 of the Amended Complaint states a conclusion of law and does not require any response from Defendant. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendant is without sufficient information or belief as to the allegations in Paragraph 33 of the Amended Complaint and, therefore, denies the same.

34. Defendant is without sufficient information or belief as to the allegations in Paragraph 34 of the Amended Complaint and, therefore, denies the same.

35. Defendant is without sufficient information or belief as to the allegations in Paragraph 35 of the Amended Complaint and, therefore, denies the same.

36. Defendant is without sufficient information or belief as to the allegations in Paragraph 36 of the Amended Complaint and, therefore, denies the same.

37. Defendant denies the allegations set forth in Paragraph 37 of the Amended Complaint.

38. To the extent that Paragraph 38 of the Amended Complaint states a conclusion of law, it does not require any response from Defendant. To the extent that a response is required,

Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint. Defendant denies that Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of her position and that she was able to perform the essential functions of that position. Defendant denies all other allegations contained in Paragraph 38 of the Amended Complaint.

39. Defendant admits so much of Paragraph 39 of the Amended Complaint as states that it terminated Plaintiff's employment. Defendant denies all other allegations in Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendant incorporates by reference each and every response to prior allegations as though set forth in full in response to Paragraph 41 of the Amended Complaint.

42. Whether Defendant constitutes an "employer" as alleged in Paragraph 42 of the Amended Complaint is a conclusion of law requiring no response. If it is determined that a response is required, Defendant denies the same. Defendant admits only so much of Paragraph 42 of the Amended Complaint as states that it employed 50 or more individuals for each working day during 20 or more weeks in current or preceding calendar year. Defendant is without sufficient information or knowledge to affirm or deny the remaining allegations of Paragraph 42 of the Amended Complaint, and therefore, denies the same. The documents attached as Exhibit D and Exhibit E to the Amended Complaint speak for themselves.

43. Defendant is without sufficient information or knowledge to affirm or deny the allegations set forth in Paragraph 43 of the Amended Complaint and, therefore, denies the same.

44. Defendant denies the allegations set forth in Paragraph 44 of the Amended Complaint, including those allegations set forth in footnotes 4 and 5. The documents attached as Exhibit F speak for themselves.

45. Paragraph 45 of the Amended Complaint states a conclusion of law for which no response is required. If it is determined that a response is required, Defendant denies the same. Defendant is without sufficient information or knowledge to affirm or deny the allegations relating to Plaintiff's alleged medical conditions or treatment and, therefore denies the same. Defendant denies all other allegations set forth in Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Amended Complaint.

49. Defendant incorporates by reference each and every response to prior allegations as though set forth in full in response to Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Amended Complaint.

57. Defendant denies that Plaintiff is entitled to any of the relief demanded in Paragraph 57 of the Amended Complaint, or its subparts.

58. Defendant denies that Plaintiff is entitled to a jury trial, as Defendant believes it is entitled to judgment as a matter of law as to all of Plaintiff's claims.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.
2. Plaintiff is not a qualified individual with a disability as defined by law.
3. Plaintiff cannot establish a *prima facie* case of discrimination or retaliation.
4. Plaintiff cannot establish that Defendant's legitimate, non-discriminatory reasons for taking employment action against her are pretextual.
5. Even if Plaintiff could establish that a prohibited factor motivated the Defendant's alleged employment action, the same action would have been taken absent such motivation and, therefore, Plaintiff's claim must fail.
6. All standards used by Defendant are job-related and consistent with business necessity.
7. Plaintiff did not request accommodation.
8. To the extent Plaintiff requested accommodation, an accommodation could not be made as it posed undue hardship to Defendant.
9. Plaintiff's claims are barred to the extent that she failed to control a controllable disability.
10. Plaintiff is not an "eligible employee" under the Family Medical Leave Act.
11. Some or all of the forms of relief requested by Plaintiff are not provided for by the statutes upon which Plaintiff makes her claims.
12. The allegations are legally insufficient to support a claim for punitive damages.
13. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.
14. The Defendant affirmatively asserts that it is engaged in good faith efforts to comply with applicable employment laws.

15. Plaintiff has failed to mitigate her damages.

Wherefore, having answered the Complaint of Plaintiff Christina Cross, Defendant Medquest respectfully requests:

a. an order dismissing Plaintiff's Amended Complaint;

b. leave to amend this Answer upon completion of reasonable discovery; and

c. all other relief to which MedQuest now is or hereinafter appears to be entitled.

Respectfully submitted,

/s/ Karen C. Jaracz
Karen C. Jaracz
John H. Dwyer, Jr.
ZIELKE LAW FIRM PLLC
462 South Fourth Street, Suite 1250
Louisville KY  40202
502.589.4600
502.584.0422 (fax)
kjaracz@zielkefirm.com
jdwyer@zielkefirm.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy was served upon the following via the Court's ECF filing system on the 12st day of October 2019:

Kelly M. Parry, Esq.
Jeremiah W. Reece, Esq.
ABNEY LAW OFFICE, PLLC
624 W. Main Street, Fifth Floor
Louisville, KY 40202
Phone: (502) 498-8585
Fax: (502) 324-1476
Email: kparry@abneylegal.com
          jreece@abneylegal.com
*Counsel for Plaintiff*

/s/ Karen C. Jaracz
*Counsel for Defendant*

9