UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| CHRISTINA CROSS, ( | |
| ( | |
| PLAINTIFF ( | |
| ( | |
| v. ( | 3:18-cv-00767-CHB |
| ( | Electronically Filed |
| DENTAL ASSISTING ACADEMY ( | |
| OF ( | |
| LOUISVILLE, LLC ( | |
| d/b/a MEDQUEST COLLEGE ( | |
| ( | |
| DEFENDANT | |

**Motion for Leave to File Sealed Document and
for Proceedings Thereon to Be Sealed**

Pursuant to LR 5.6, Defendant Dental Assisting Academy of Louisville, LLC d/b/a MedQuest College, respectfully moves this Court for leave to file under seal two motions seeking production of substance abuse treatment records. While usually there is a presumption that documents filed with the court should be available for public access, *see,* LR 5.6(a), documents may be filed under seal where there is "a federal statute or federal rule of procedure, local rule, or standing order of this court" or where a party makes an appropriate motion. LR 5.6(c).

Federal law recognizes the sensitive nature of substance abuse treatment records and requires that certain privacy safeguards be put into place when dealing with such records. 42 U.S.C. Sec. 290dd-2. The records are presumed to be highly confidential, and disclosure of the documents cannot be obtained by normal subpoena but, due to their sensitive nature, requires an order of the Court. To that end, even the motion asking the Court to grant disclosure of substance abuse records requires

1

that the "application . . . use a fictitious name, such as John Doe, to refer to any patient and may not contain or otherwise disclose any patient identifying information unless the patient is the applicant or has given written consent (meeting the requirements of the regulations in this part) to disclosure *or the court has ordered the record of the proceeding sealed from public.*" 42 C.F.R. Sec. 2.64(a)(emphasis added).

Defendant hereby requests that the Court permit its application for production of substance abuse treatment records to be filed under seal rather than with use of a fictitious name. Defendant is concerned that the identity of the individual whose records are being sought would be ascertainable from the circumstances of the case and necessary arguments raised in the motion even if a fictitious name were used. As such, Defendant believes it would be most prudent for these motions to be filed under seal and to conduct any proceedings thereon in a confidential manner.[1]

Because the court has not yet ordered that leave is granted to file these motions under seal and the ECF filing system requires that the motion sought to be sealed be filed simultaneously and the ECF filing system would automatically unseal the motion in the event that the Court denied the motion to seal, MedQuest believes that 42 U.S.C. Sec. 290dd-2 and its accompanying regulations require that the tendered motion be anonymized. MedQuest has included one exemplar motion with this filing. If its motion to seal is granted, MedQuest could then file an un-anonymized copy of

---

[1] The regulations allow any oral argument, review of evidence, or hearing on the application to be held in the judge's chambers or in some manner which ensures that patient identifying information is not disclosed to anyone other than a party to the proceeding, the patient, or the person holding the record . . .." 42 CFR Sec. 2.64(c).

the accompanying motion with the Court and file a second, nearly identical motion for a second treatment provider.

As 42 C.F.R. Sec. 2.64 requires MedQuest to provide notice to third parties holding the records in question and because they and others may file responsive papers, MedQuest also requests that the Court allow those filings to be made under seal.

                                             Respectfully submitted,
                                             /s/ Karen C. Jaracz
                                             Karen C. Jaracz
                                             John H. Dwyer, Jr.
                                             Zielke Law Firm, PLLC
                                             462 S. Fourth St., Suite 1250
                                             Louisville, KY 40202
                                             Tel: (502) 589-4600
                                             Fax: (502) 584-0422
                                             jdwyer@zielkefirm.com
                                             kjaracz@zielkefirm.com
                                             *Counsel for Defendant Dental*
                                             *Assisting Academy of Louisville, LLC*
                                             *d/b/a MedQuest College*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy was served upon the following by the means noted below this 2nd day of August, 2021.

| | |
|---|---|
| Kelly M. Parry, Esq.<br>Jeremiah W. Reece, Esq.<br>Soha T. Saiyed, Esq.<br>Reece Saiyed Parry-Johnson, LLP<br>214 S. Clay Street<br>Louisville, KY 40202<br>Phone: (502) 230-3239<br>Fax: (502) 324-1476<br>Email:<br>kmpj@RSPJlaw.com<br>jwr@RSPJlaw.com<br>sts@RSPJlaw.com<br>*Counsel for Plaintiff* | Served by ECF electronic filing system |
| Robert B. Azar<br>Norton Legal Services<br>4967 U.S. Hwy 42, Suite 101<br>Louisville, KY 40222<br>*Counsel for Clark Memorial Hospital,*<br>*a Norton Healthcare facility* | Served by U.S. Mail and by<br>email to robert.azar@nortonhealthcare.org |

*/s/Karen C. Jaracz*
*Counsel for Defendant*